IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA XIMENA VAN GELDER,

Plaintiff,

v. No. 1:26-cv-01419-KG-JMR

BANK OF AMERICA, N.A.;
NATIONSTAR MORTGAGE LLC d/b/a
MR. COOPER; SUNWEST TRUST, INC.;
and DOES 1–20,

Defendants.

**DEFENDANT SUNWEST TRUST, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TENDER ONE COMPLETE THIRD AMENDED AND SUPPLEMENTAL COMPLAINT (DOC. 49) AND TO PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE CORRECTED PROPOSED THIRD AMENDED COMPLAINT (DOC. 47)**

Defendant Sunwest Trust, Inc. ("Sunwest") opposes Plaintiff's Motion for Leave to Tender One Complete Third Amended and Supplemental Complaint (Doc. 49) (the "Motion") and Plaintiff's Motion for Leave to Substitute Corrected Proposed Third Amended Complaint (Doc. 47) as to Counts IV through VII, the only counts directed to Sunwest. The proposed pleading (Doc. 49-1) (the "Proposed Complaint") runs eighty-eight pages. Its new material concerns other parties and later events: proposed defendants John and Martha Olivas, a 2026 resale and rental of the property, utility, storage, and insurance charges, student-loan records, and Plaintiff's real-estate business. As to Sunwest, the Proposed Complaint now pleads counsel's December 12, 2019 Certificate of Delivery of the escrowed deeds and moves Count V off deed delivery onto a different theory: that Sunwest negligently answered a March 2023 request for records. (Doc. 49-1 ¶¶ 30–31, 171.) Count V pleads no duty, breach, or damages, and Counts IV, VI, and VII repackage claims Plaintiff released and the state court dismissed with prejudice in 2019. Leave should be denied as to Sunwest, and Sunwest's fully briefed Motion to Dismiss (Doc. 15) should be decided.

## I. PROCEDURAL BACKGROUND

Plaintiff filed suit on May 5, 2026 (Doc. 1) and filed the Second Amended Complaint on June 16, 2026 (Doc. 9). Sunwest moved to dismiss Counts IV through VII (Doc. 15), and briefing closed on July 24, 2026 (Docs. 22, 23). On August 10, 2026, Plaintiff moved for leave to file a thirty-one-page proposed third amended complaint (Doc. 29), which Sunwest opposed (Doc. 30). On October 2, 2026, Plaintiff moved to substitute an eighteen-page, three-count Corrected Proposed Third Amended Complaint (Doc. 47-1) for the August proposal, representing that it was "the single complete proposed pleading" the Court should evaluate. (Doc. 47 ¶¶ 4, 8.) The Motion reports a separate ten-count proposal circulated on October 26, 2026 (Doc. 49 ¶ 8), and the Proposed Complaint carries additions dated November 13, November 17, and November 23, 2026. (Doc. 49-1 at 1, 69, 72, 78, 83.) The Motion asks the Court to determine the status of Docs. 29 and 47 before deciding whether to accept the Proposed Complaint. (Doc. 49 ¶ 1.)

## II. ARGUMENT

### A. Leave is properly denied where amendment would be futile or would make the complaint a moving target.

Leave may be denied for "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if the complaint, as amended, would be subject to dismissal. *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). Facts "merely consistent with" liability do not state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Sunwest accepts that Plaintiff's pleadings are construed liberally; the Court does not, however, assume the role of advocate for a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Leave is also properly denied when a plaintiff uses Rule 15 to

make the complaint a moving target or to present theories seriatim in an effort to avoid dismissal. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

**B. Count V does not allege duty, breach, or damages.**

A negligence claim requires a duty owed by the defendant to the plaintiff, a breach of that duty based on a standard of reasonable care, and a breach that is a proximate cause and cause in fact of the plaintiff's damages, and whether a duty exists is a question of law. *Ross v. City of Las Cruces*, 2010-NMCA-015, ¶ 10, 148 N.M. 81, 229 P.3d 1253. Count V pleads none of the three.

**1. Duty.**

Count V borrows its standard from NMSA 1978, Section 58-22-18(A) (2015), which requires a licensee, within fourteen days of a written request made by a party to the escrow agreement, to provide a full statement of the escrow account. Plaintiff invokes the statute "only to the extent SunWest was the responsible licensee and Plaintiff a qualifying party," and acknowledges that her claimed right "must be supported by the agreement, accepted account role, later undertaking or other applicable legal basis." (Doc. 49-1 ¶¶ 172–173.) She pleads none of those things. She pleads that she assigned the buyer's rights under the real estate contract to Martha C. Alomia by instrument recorded September 15, 2011 (¶ 23); that the account statement on which she relies identifies Martha Alomia as the payer (¶ 24); that the escrow funds and deeds left Sunwest under the 2019 orders (¶¶ 27–28, 222B); that the account number given in 2023 was "no longer active," which she concedes "is consistent with the escrow's earlier termination" (¶¶ 94–95); and that the statute does not "transform an inactive account into an open payoff account" (¶ 173). The statute presupposes an escrow account and a party to its agreement. As of March 2023, the Proposed Complaint pleads neither.

The "historical undertaking" on which Count V also relies (¶¶ 171–172) is the escrow that ended in 2019. Plaintiff sued Sunwest over that escrow in the state foreclosure action, *Nationstar Mortgage, LLC v. Salcedo-Egas*, No. D-202-CV-2014-06253. On November 27, 2019, the state court adopted the parties' Stipulation for Settlement as an order of the court, dismissed Plaintiff's claims against Sunwest with prejudice, and entered its order as a final judgment under Rule 1-054(B) NMRA. (Doc. 15, Ex. A ¶¶ 1–2, 6; Doc. 49-1 ¶ 28.) An undertaking that ended in 2019, by court order and with every claim concerning it dismissed with prejudice, does not supply a duty to answer records requests four years later.

**2. Breach.**

Plaintiff pleads two March 2023 communications. On March 10, she "requested forwarding of prior SunWest responses in correspondence involving Terry White and FID," which she pleads "as a request for existing response materials, not automatically as a new statutory demand for a full account statement." (¶ 97.) She received those materials, including deposit notices, court receipts, checks, and annual account information. (¶¶ 99–100, 167.) On March 19, she "asked where funds had been placed after being told that no funds remained in the court registry." (¶ 98.) Those funds were in the custody of the state court, not Sunwest. Sunwest deposited the escrow funds into the registry under the July 1, 2019 order and released any claim to them under the adopted Stipulation, and the state court later ordered them disbursed, with interest, to Martha C. Alomia. (¶¶ 27, 99, 222AG–222AH; Doc. 15, Ex. A, Ex. 1 ¶ 5.) The state court docket lists zero balances for Sunwest. (¶ 222AJ.)

Count V alleges that Sunwest breached by not supplying "a complete final historical account statement." (¶ 174.) Plaintiff does not allege that she asked Sunwest for one; she pleads the opposite. (¶ 97.) She also concedes that "[a] full response already answering that request would

require correction of the breach allegation." (¶ 174.) A defendant does not breach a duty by failing to provide what was not requested, or by failing to account for funds held by a court.

**3. Damages.**

The only damages Count V claims are unquantified "record-retrieval, copying and transmission expense," incurred "during her 2023 financing efforts." (¶¶ 103, 175.) By the time of the March 10 and March 19 communications, those efforts had already ended as to the Property. Bank of America told Plaintiff on February 3, 2023, that she was outside its guidelines and not prequalified. (¶ 46.) Nationstar refused purchase financing on the Property on March 7, 2023. (¶¶ 71–72.) The title company could not close because the senior mortgage remained unreleased, a satisfactory payoff had not been obtained, and borrower authorization remained unresolved. (¶ 94; see ¶¶ 96, 222F.) Plaintiff claims any loss beyond those expenses "only to the extent she proves her own interest and the contribution of a missing escrow record, taking account of the separate senior payoff, title, seller and financing obstacles." (¶ 175.) That allegation states that damages and causation may be proved later. It does not allege them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C. Counts IV, VI, and VII repackage claims released and dismissed in 2019.**

**1. Count IV seeks an accounting of the settled escrow.**

Count IV is pleaded as "ancillary equitable relief to the substantive rights proved under Counts I, V, VI or X." (¶ 166.) Only Counts V and VI reach Sunwest. As to Sunwest, the accounting concerns "the historical REC closing balance, identified receipts and disbursements, returned payments and registry transfers." (¶ 167.) Every item on that list belongs to the escrow Plaintiff litigated, settled, and released in 2019. The Stipulation she signed released "any and all claims and causes of action arising out of the events or incidents referred to in the pleadings in this

action" and "all claims . . . whether now known or now unknown." (Doc. 15, Ex. A, Ex. 1 ¶¶ 2–3.) The state court adopted it and dismissed her claims against Sunwest with prejudice. (Doc. 15, Ex. A ¶¶ 1–2, 6.) As Sunwest explained in opposing the August proposal, records offered only as background to a claim that fails cannot themselves sustain a count, and the registry funds "were deposited into, held by, and distributed from the Second Judicial District Court's registry under that court's order. Its records, not Sunwest's, are the accounting Plaintiff describes." (Doc. 30 at 9.) Plaintiff now pleads exactly that: the state court disbursed the registry funds to Martha C. Alomia. (¶¶ 222AG–222AJ.) See also Doc. 15 at 4–6. Count IV falls with Counts V and VI.

**2. Count VI identifies no benefit to Sunwest.**

Unjust enrichment requires a showing that "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 11, 129 N.M. 200, 3 P.3d 695. The only Sunwest conduct the Proposed Complaint places after 2019 is the March 2023 records response. Answering a records request confers no benefit on the party answering it, and Count VI identifies none. As to Sunwest, Count VI is limited "to a specific net benefit actually retained at Maria's individual expense beyond amounts disbursed, adjudicated or released," and Plaintiff "does not attribute an untraced balance to any defendant." (¶ 184.) The money ran the other way. Sunwest paid $10,000 under the adopted Stipulation, deposited the escrow funds into the court registry, and released any claim to them, and the court disbursed them to Martha C. Alomia. (¶¶ 27–28, 99, 222AG–222AH; Doc. 15, Ex. A, Ex. 1 ¶¶ 1, 5.) Count VI states no claim against Sunwest.

**3. Count VII seeks declarations on matters already adjudicated.**

Count VII seeks declarations concerning "deed/escrow performance" and "the later SunWest response issue in Count V," and preservation of "escrow ledgers" and "deed-custody records." (¶¶ 186–187, 189.) Deed custody and escrow performance were the subject of the 2019 litigation. The November 27, 2019 order directed Sunwest to deliver the deeds held in escrow (Doc. 15, Ex. A ¶ 3), Plaintiff pleads counsel's December 12, 2019 Certificate of Delivery (¶ 30), and the claims were dismissed with prejudice (Doc. 15, Ex. A ¶ 2). The "later SunWest response issue" is Count V, and a declaration about it adds nothing to a damages claim that fails. Plaintiff concedes that a retrospective damages dispute does not establish a need for prospective declaratory relief (¶ 187), and she pleads no continuing relationship with Sunwest (¶ 95). The preservation request is a discovery request, and Plaintiff concedes the count creates no independent cause of action. (¶ 190.) Count VII falls with Count V.

**D. The remaining Rule 15 factors weigh against leave.**

Moving target. Since Sunwest's Motion to Dismiss was fully briefed on July 24, 2026, Plaintiff has proposed the August pleading (Doc. 29), the October 2 corrected pleading (Doc. 47-1), the October 26 proposal (Doc. 49 ¶ 8), and the Proposed Complaint, which was itself revised on November 13, 17, and 23. Plaintiff's theory against Sunwest has changed with the versions. The Second Amended Complaint and the August proposal rested on deed delivery and Sunwest's records of it. (Doc. 9 ¶¶ 95, 143–144.) The Proposed Complaint pleads counsel's 2019 Certificate of Delivery (¶ 30) and moves to a 2023 records request. The October 2 pleading asserted a single count against Sunwest, for negligence. (Doc. 47 ¶ 4; Doc. 47-1 ¶¶ 75–80.) Seven weeks later, the Proposed Complaint returns to four. (Doc. 49-1 ¶¶ 166–190.) The October 2 pleading dates no request to Sunwest; the only March 19, 2023 communication it describes is a letter to Nationstar's

foreclosure counsel about an offer to Nationstar. (Doc. 47-1 ¶¶ 44, 62.) That is presentation of theories seriatim to avoid dismissal. *Minter*, 451 F.3d at 1206.

Delay without explanation. The March 2023 communications on which Count V now rests are Plaintiff's own (¶¶ 97–98) and predate this action by more than three years, yet they appear nowhere in the Second Amended Complaint (Doc. 9). The Motion offers no explanation for their omission. Denial is appropriate when the movant has no adequate explanation for the delay. *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)).

Prejudice. Sunwest's Motion to Dismiss has been fully briefed for four months. Each new version requires Sunwest to brief futility again against a different theory, while most of the eighty-eight pages concern parties and events after Sunwest's role ended in 2019.

**E. Doc. 47 should be denied as to Sunwest.**

Doc. 47 asks the Court to evaluate Doc. 47-1 as Plaintiff's single proposed pleading. (Doc. 47 ¶¶ 8, 13.) The Motion now tenders a different one. Doc. 47-1 asserts one count against Sunwest: the same negligence theory as Count V of the Proposed Complaint, on the same allegations of an escrow undertaking, a March 2023 historical-account inquiry, partial records, and record-retrieval costs. (Doc. 47-1 ¶¶ 62–66, 75–80.) It acknowledges the 2011 assignment and the account termination, acknowledges that Sunwest may dispute any continuing duty, and conditions any consequential loss on proof of causation after the separate senior-payoff, title, seller, and underwriting obstacles. (Id. ¶¶ 65, 77, 79.) Count III of Doc. 47-1 is futile for the reasons stated in Section II.B, and Doc. 47 should be denied as to Sunwest.

## III. CONCLUSION

Sunwest requests that the Court deny Plaintiff leave to amend or supplement as to Counts IV through VII against Sunwest; deny Docs. 29 and 47 to the extent they seek leave to assert claims against Sunwest; decide Sunwest's fully briefed Motion to Dismiss (Doc. 15); and grant Sunwest such further relief as is just. Sunwest takes no position on the Motion as it concerns the remaining Defendants or the proposed joinder of John Olivas and Martha Olivas.

Respectfully submitted,

THE CASH LAW FIRM, LLC

*/s/ Paul M. Cash*
Paul M. Cash
P.O. Box 20718
Albuquerque, NM 87154
(505) 349-3800
pcash@cashlawoffices.com
Attorney for Defendant Sunwest Trust, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2026, I filed the foregoing through the Court's electronic filing system, which caused service on all counsel of record, including:

Erica J. Stutman
Snell & Wilmer
(602) 382-6230
estutman@swlaw.com
Attorney for Bank of America, N.A.

Rachel B. Ommerman
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2216
rachel.ommerman@troutman.com
Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper

and that I served a copy by electronic mail on:

Maria Ximena Van Gelder
8105 Corn Mountain Place NW
Albuquerque, NM 87114

vangelder.maria@gmail.com
Plaintiff Pro Se

*/s/ Paul M. Cash*
Paul M. Cash